UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE PAYNE,

               Plaintiff,

v.                                 Case No. 2:12-cv-11423
                                 Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,
               Defendant.
_____/

## OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff applied for social security supplemental income benefits on December 28, 2009, alleging that he became disabled on August 8, 2007; Plaintiff later amended his application to reflect an onset date of December 28, 2009. The Social Security Administration denied Plaintiff's request for benefits on July 23, 2010. Upon Plaintiff's request, Administrative Law Judge Regina Sobrino ("ALJ") conducted a *de novo* hearing on August 18, 2011. The ALJ's decision became the final decision of the Social Security Commissioner ("Defendant") when the Social Security Appeals Council denied review on January 30, 2012. Plaintiff thereafter initiated the pending action, filing a civil action with this Court on March 29, 2012.

On March 30, 2012, this Court referred the lawsuit to Magistrate Judge Mona Majzoub for all pretrial matters proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  Defendant filed a motion for summary judgment on August 9, 2012.  (ECF No. 10.)  Plaintiff did not file a cross motion for summary judgment or a response to Defendant's motion.  Instead, Plaintiff submitted five pages of records from the Social Security Administration and from doctors at Miracle-Ear and Catholic Charities.  (ECF No. 11.)

On June 20, 2013, Magistrate Judge Majzoub issued an R&R recommending that this Court grant Defendant's Motion.[1]  At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Plaintiff filed objections to the R&R on July 10, 2013.  (ECF No. 15.)

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such

---

[1] As Magistrate Judge Majzoub points out in the R&R, Plaintiff's Complaint "does not set forth the grounds under which Plaintiff seeks review of Defendant's decision.  Instead, it merely re-asserts the basis under which Plaintiff believes he is entitled to benefits."  (ECF No. 14 at 1 n.1.)

> decision by a civil action . . . The court shall have power
> to enter . . . a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social
> Security, with or without remanding the cause for a
> rehearing. The findings of the Commissioner of Social
> Security as to any fact, if supported by *substantial
> evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 511-512 (6th Cir. 1994). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are to review the entire administrative record to determine whether the ALJ's decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). Thus, so long as the Commissioner's decision is supported by substantial evidence, it must be upheld even if substantial evidence exists in the record that might support an opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

The Court reviews *de novo* the parts of an R&R to which a party objects.

3

*See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id.*

## ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1.  At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[2]  20 C.F.R. § 404.1520(a)(4)(i).

2.  At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the

---

[2] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 28, 2009, the application date.  (ECF No. 8-2 at 12.)

4

duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[3]  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.  At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[4]  *Id.*

4.  At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[5]  20 C.F.R. § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that

---

[3] The ALJ concluded that Plaintiff has the following severe impairments: myositis/history of left arm injury, mood disorder, organic mental disorder, and schizophrenia.  (ECF No. 8-2 at 12.)

[4] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (ECF No. 8-2 at 12-13.)

[5] The ALJ found that Plaintiff could "perform medium work . . . except that he cannot climb latters; he can occasionally climb stairs, stoop, and crouch; he can frequently handle, finger, and reach with the left upper extremity; he should be able to use both hands to lift, carry, push, and pull; he cannot perform tight or forceful gripping with the left (non-dominant) hand; he must avoid exposure to hazards; he cannot drive as a work duty; he is limited to simple, routine, repetitive work consisting of 1- and 2-step tasks; and he is limited to low stress work (no fast-paced work, no work that involves quotas, and no assembly line work) that does not involve interaction with the public, or more than occasional and superficial contact with co-workers and supervisors."  (ECF No. 8-2 at 14-18.)

the claimant can perform, the ALJ must find that he or she is disabled.[6]
*Id*.

Plaintiff raises a number of objections to the Commissioner's denial of his benefits; however, Plaintiff does not raise specific objections to Magistrate Judge Majzoub's R&R or to Magistrate Judge Majzoub's evaluation of the ALJ's decision.[7] (*See* ECF No. 15.) Instead, Plaintiff merely discusses his receipt of social security benefits prior to his incarceration, the erroneous termination of those benefits during his incarceration, and his subsequent inability to reinstate those benefits. (ECF No. 15. at 1-2.) Although Plaintiff does not explain the significance the documents attached to his objections, the Court notes that it is in receipt of the attached medical records. Some of these records are included in the administrative record considered by the ALJ.

In addition, Plaintiff attaches a number of medical records to his objections, some of which were part of the administrative record and considered by the ALJ. To the extent some of the records constitute new evidence, the Court notes that

---

[6] The ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (ECF No. 8-2 at 18-19.) The ALJ therefore concluded that Plaintiff is not under a disability as defined in the Social Security Act. (*Id*. at 19.) Magistrate Judge Majzoub found substantial evidence in the record to support this finding. (ECF No. 14 at 9-12.)

[7] The Court's ECF system labels ECF No. 15 as "Motion for Summary Judgment." However, due to the procedural posture of this case, the Court will consider this filing as Plaintiff's objections to the R&R.

"[o]nly evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence." *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). A party seeking to adduce new evidence in connection with a denial of benefits may, however, ask the reviewing court to remand the action for further consideration in light of the new evidence if the moving party demonstrates that the "new evidence [] is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[]." 42 U.S.C. § 405(g); *see also Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

Assuming that Plaintiff can establish good cause, there is no indication that the evidence is material. Plaintiff bears the burden of establishing materiality, which requires "demonstrat[ing] that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff's objections neglect to explain the significance of the attached medical records. As such, the Court has no way of determining whether or not the new records are material.

## **SUMMARY**

For the reasons explained herein, the Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's

7

impairments.  The Court therefore adopts Magistrate Judge Majzoub's recommendation to grant Defendant's motion for summary judgment and affirm the decision of the Commissioner finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED** that the Court adopts Magistrate Judge Majzoub's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

Dated: August 12, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Robert Lee Payne**
413 W. Stewart Street
Flint, MI 48505

**Lynn M. Dodge, A.U.S.A**
**Magistrate Judge Mona Majzoub**

8